IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK SICKLES

    Plaintiff,

v.                                                                                          Civil Action Number:

WESTERN CHEMICAL, INC.,
ARGENT CHEMICAL LABORATORIES,
AND DOES 1-25;

    Defendants.

## COMPLAINT

COMES NOW, Plaintiff, Mark Sickles, a resident of Conneaut Lake, Pennsylvania, who brings this action for personal injuries and damages caused by the negligence and/or fault of Western Chemical, Inc. and Argent Chemical Laboratories (hereinafter "Defendants"), alleging:

## PARTIES

1. Plaintiff, Mark Sickles is a resident of Conneaut Lake, Pennsylvania.

2. Western Chemical Corporation is a corporation created in the State of Washington with a principal place of doing business in Redmond, Washington. Jurisdiction exists under the diversity of citizenship statute, and personal jurisdiction is established because the defendants made large amounts of sales and other business transactions in the Commonwealth of Pennsylvania.

3. Plaintiff will amend his complaint to allege said fictitiously named Defendants' true names and capacities when the same shall be ascertained. Plaintiff is informed and believes and alleges that each fictitiously named Defendant was responsible in some manner for the occurrences herein, and that Plaintiff's damages as herein below set forth were directly and proximately caused by said Defendants' conduct.

Complaint for Damages - Page 1

4.      Plaintiff is informed and believes and therefore alleges that Defendants, inclusive, are responsible under law in some manner, negligently, strictly or otherwise, for the events and happenings hereinafter described, and, pleading in the alternative, alleged they contributed to cause plaintiff's injuries and damages.

## VENUE AND PERSONAL JURISDICTION

5.      Venue is proper in this jurisdiction because defendants manufactured goods that were sold or delivered through interstate commerce to locations within the Western District of Pennsylvania thereby conducting a continuous stream of commerce in this District, causing plaintiff's injuries in this judicial district.

6.      Personal Jurisdiction is established because Western Chemical Corporation and Argent Chemical Laboratories, were corporations authorized to do business and doing business in the Commonwealth of Pennsylvania, and at the time in question manufactured and distributed or sold its harmful products for use in fishery industries, including the plaintiff's employer, the Pennsylvania Fish & Boat Commission, where Mr. Sickles was employed as laborer and fish culturist for twenty-six years.

## SUBJECT MATTER JURISDICTION

7.      This action arises under diversity of citizenship pursuant to 28 U.S.C. Section 1332; and this is a claim for damages in excess of $75,000 due under Pennsylvania Tort Law and Pennsylvania Products Liability Law, or alternatively, under the Restatement 2nd of Torts, for strict product liability, against Western Chemical Corporation, and Argent Chemical Laboratories and the other Defendant manufacturers of chemicals, whose names are unknown at this time, but whose negligence and/or fault, contributed to cause Plaintiff's injuries which Mr. Sickles alleges to have been caused by his inhaling and/or by dermal contact with toxic

chemicals that he was exposed to while working for Pennsylvania Fish & Boat Commission in Pennsylvania.

## OPERATIVE FACTS

8. Mr. Sickles worked for Pennsylvania Fish & Boat Commission as a laborer and fish culturist for twenty-six years primarily at the Linesville Hatchery.

9. From 1983 through 2004, Mr. Sickles worked year round with the exception of seasonal furloughs from November through February each year. From 2004 through 2009, Mr. Sickles worked the entire year without furlough. From 1983 through 2009, Mr. Sickles worked directly with formalin while pumping 55 gallon drums via a hand pump into a bucket.

10. Mr. Sickles's job duties required him to mix anesthetics for use in the fish hatcheries.

11. Mr. Sickles was not provided and did not wear a mask or respiratory protective gear while working with formalin and other toxic chemicals from 1983 through 2004.

12. Mr. Sickles worked with the formalin and other toxic chemicals on a regular and continuing basis from 1983 through 2009 at the hatcheries operated by the Pennsylvania Fish & Boat Commission.

13. Plaintiff claims that Defendants DOES 1 THROUGH 25 manufactured and/or sold products that were unreasonably dangerous and defective as defined in Pennsylvania Products Liability Law, and under Restatement of Torts, Section 402 (a) et sequence, for marketing and design defects, and alleges that the products to which he was exposed were unreasonably dangerous and defective, presenting him with:

      a. Conditions where formalin-based products, or alternatively chemicals, and/or additives, were toxic posing an unreasonable risk of harm, which risk was unknown to the ordinary user, including Mr. Sickles, but was known to the manufacturers;

    b.      This risk of harm should have been obvious to Defendants, under foreseeable ordinary expected working conditions;

    c.      Proper marketing instructions and warnings were technologically and economically feasible and could have prevented the risk of harm;

    d.      Plaintiff's activities in using the formalin and other toxic chemicals could have been protected against the exposure if warnings and instructions had been provided as required by applicable codes and laws.

    e.      As manufactured, designed, and sold/marketed, the products complained of presented an unreasonable risk of harm that outweighed the utility of the product; the products contained defects that the ordinary consumer would not be aware existed, severe cancer-causing toxic characteristics, and were sold and put in commerce with marketing defects.

## DESIGN AND MARKETING DEFECTS:

14. The chemicals that Defendants and JOHN DOES 1 THROUGH 25 made and sold were used as anti-fungus agents, additives, solvents and chemicals for use in industries such as fisheries where Mr. Sickles worked, and these products were defective in design and marketing because they:

    a.      Failed to warn of the toxic characteristics of the formalin chemicals, and the extreme risk of permanent impairments, damage to the blood cells of the body, the risk of being caused to develope Myelodysplastic Syndrome, Acute Myelogenous Leukemia, damage to the blood manufacturing system, and damage to other organs and to the neurological system;

    b.      Failed to instruct how to protect oneself against the danger from the use of the products, which were anti-fungus agents, cleansers, additives, formalin, solvents, or other products;

    c.      Failed to warn of the need to wear respiratory protection and dermal protection.

    d.      As designed, were unreasonably dangerous as sold and marketed.

### FACTUAL ALLEGATIONS OF FAULT AND NEGLIGENCE

15.    Plaintiff, Mark Sickles, worked as a laborer and fish culturist from 1983 to 2009, and he alleges that each of the Defendants manufactured, sold or distributed the deleterious toxic products that he breathed and contacted performing his usual and customary work tasks at the fishery; each of the Defendants was negligent, or alternatively strictly liable as a seller and/or a manufacturer of products which were defectively marketed and designed, as defined under Pennsylvania products liability laws, and that in doing the acts herein alleged, their fault was a substantial factor in causing his Myelodysplastic Syndrome, related illnesses, rendering defendants liable for the damages and injuries that resulted from this conduct.

16.    Plaintiff's job required him to pump the formalin-based chemicals from fifty-five gallon drums for use in fish tanks for the purpose of preventing and killing fungus and other undesirable vegetation. He did this on a regular and continuing basis that exposed him to Defendants' formalin based products without warnings by Defendants of the necessity to use respiratory protection, and he was not warned or instructed by Defendants of the need for special handling and precautions from exposure to avoid injury, while being exposed to the various formalin-based and other toxic chemicals.

17.    Plaintiff was unaware of the risk of personal injury or death caused by working with Defendants' products, and the hazards that they created under his working conditions, which were foreseeable to the defendants.

18.    Plaintiff's job required him to pump the formalin-based chemicals from fifty-five gallon drums for use in fish tanks for the purpose of preventing and killing fungus and other undesirable vegetation. He did this on a regular and continuing basis that exposed him to

Defendants' formalin based products without warnings by Defendants of the necessity to use respiratory protection, and he was not warned or instructed by Defendants of the need for special handling and precautions from exposure to avoid injury, while being exposed to the various formalin-based and other toxic chemicals.

19. Plaintiff was unaware of the risk of personal injury or death caused by working with Defendants' products, and the hazards that they created under his working conditions, which were foreseeable to the defendants.

20. Pleading in the alternative, Plaintiff developed myelodysplastic syndrome because of the negligence of Defendants in designing and marketing their packages and failing to test their toxic chemical products, which products were unreasonably dangerous and defective, containing manufacturing, design, and marketing defects under Pennsylvania Products Liability Law, making defendants liable for negligence and strictly liable under products laws.

21. Defendants knew of the risks of harm, and acted as if they did not care if persons, including Mr. Sickles became ill with cancer, or other diseases like MDS, and showed a conscious indifference to the welfare of the people using this product.

22. Plaintiff incorporates herein by reference paragraphs 1 through 21 above as if each was fully set forth herein, pleading each contention against defendants and each un-named JOHN DOE Defendant.

23. Defendants were negligent and/or strictly liable for the following breaches of duty, or violations of product liability laws:

    a. Defendants had a duty to conform their conduct to a reasonable standard of care in the manufacture, design, and marketing of the product, requiring them to issue proper instructions for the use of the product, and to warn of the dangers of their product's use;

    b. To have inspected and tested the product for safe usage;

c. To notify plaintiff and the public of the dangers that product posed and the protection needed from this danger; to recommend medical monitoring of the health of users of the product;

d. Defendants failed to conform its conduct to this appropriate standard of care, failed to warn and instruct on what to do using the products to avoid the risk of injury from toxic exposure, or alternatively, what protective equipment and other safety measures were necessary to use and available to the public;

e. The packaging and the instructions on the product were defectively designed and contained marketing defects as that term is used in products liability law;

f. Defendants' breached their legal duty to Plaintiff to warn and to instruct of the dangers and risks of harm associated with their product, and they sold a defectively designed package and product;

g. Defendants' substandard conduct, and/or fault, was a cause-in-fact of the Plaintiff's injuries;

h. Defendants' substandard conduct, and/or fault under products liability laws was the legal cause of the Plaintiff's injuries, and actual damages.

24. As a result of Defendants' negligence and, in the alternative, fault under strict liability for making and selling defective products, Plaintiff sustained the following injuries and past, present, and future damages for which Plaintiff sues the Defendants:

a. Developing myelodysplastic syndrome [MDS], Fear of cancer, physical pain and suffering, mental anguish, and loss of enjoyment of life;

b. Medical, pharmaceutical, physician, hospital, and other medical expenses;

c. Emotional Pain and Fear of progressing impairments and complications;

d. Lost wages and benefits in the past, and a severe diminution of earning capacity, and he will continue to lose wages/benefits for the remainder of his life;

  e.  Permanent physical disabilities and loss of physical function associated with his exposure to Defendant's products.

  f.  Travel and other medically related expenses for medical treatment and care.

25. Defendants, each of them, knew that persons working in such industries, including the Plaintiff, would be exposed to said hazardous products and contamination arising from exposure to or the use of harmful and excessive levels of products containing formalin and other harmful toxic products and substances contained in their product, all at levels unsafe for human health, and failed to exercise reasonable care to make the environment safe.

WHEREFORE, PREMISES CONSIDERED, Plaintiff MARK SICKLES, comes now and prays that after Defendants are made to appear and answer, that Defendants be cast in judgment in excess of $75,000 together with Defendants JOHN DOES 1 THROUGH 25, each of them, and held liable jointly and severally for the injuries and damages suffered, and punitive damages together with pre-judgment and post-judgment interest as allowed; all general and equitable relief, costs of suit; and for such other and further relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED.**

Dated: September 7, 2010.

              Respectfully submitted,

              MORGAN & PAUL, PLLC

              /s/ Gregory G. Paul
              GREGORY G. PAUL, ESQUIRE
              PA ID Number: 83334
              409 Broad Street, Suite 270
              Sewickley, PA 15143
              (888) 967-5674
              (888) 822-9421 (facsimile)
              gregpaul@morgan-paul.com

S. REED MORGAN
Applicant for *Pro Hac Vice*
P.O. Box 38
Comfort, TX 78013
Telephone (830) 995-2464
Facsimile (830) 995-2728